UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER HARRISON WEST,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER PERMITTING SECOND AMENDED COMPLAINT**<br><br>Case No. 1:25-cv-00169<br><br>Magistrate Judge Daphne A. Oberg |

Mr. West brought this action against the Internal Revenue Service (IRS) without an attorney and without paying the filing fee.[1]  The court temporarily granted Mr. West's motion to waive the filing fee and stayed the case for screening under 28 U.S.C. § 1915.[2]  Mr. West later filed an amended complaint (on February 6, 2026),[3] which is the operative complaint.[4]

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 10.)

[3] ("Amended Lawsuit" (Am. Compl.), Doc. No. 27.)

[4] *See* Fed. R. Civ. P. 15(a)(1) (permitting a party to amend its pleading once as a matter of course no later than twenty-one days after serving it, or twenty-one days after service of a responsive pleading or motion).  Mr. West submitted another document labeled as an amended complaint on March 31, 2026.  (*See* Doc. No. 33.)  This document was merely lodged on the docket because it was filed in violation of the screening order (Doc. No. 10) and without leave of the court.  *See* Fed. R. Civ. 15(a)(2) (requiring the court's leave or the opposing party's written consent for subsequent amendments).

The court has screened Mr. West's amended complaint.  As explained below, Mr. West's claims are subject to dismissal either for lack of subject matter jurisdiction or for failure to state a claim.  However, Mr. West may file a second amended complaint by **May 4, 2026** to remedy the deficiencies identified below.  The court again temporarily grants the motion to waive the filing fee[5] pending screening of the second amended complaint, if any is filed.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, it must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[6]  In determining whether a complaint fails to state a claim, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7]  To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8]  The court accepts well-pleaded factual allegations as true and views them the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's

---

[5] (Doc. No. 2.)

[6] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[8] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

favor.[9]  But a court need not accept a plaintiff's conclusory allegations as true.[10]  "[A] plaintiff must offer specific factual allegations to support each claim,"[11] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[13]

Because Mr. West proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[14]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[15]  For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[16]  While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

---

[9] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[13] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[16] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

unfamiliarity with pleading requirements,"[17] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[18]

## ANALYSIS

Although Mr. West's claims are difficult to discern, they appear to relate to IRS late payment penalties and interest.[19] Mr. West alleges the IRS failed to accommodate his disability when he contacted it about his tax bills.[20] He claims he has autism and "need[s] help with understanding."[21] He "verbally [] asked for more explanation" regarding his bills, but the IRS failed to provide it.[22] Mr. West also says his autism "prevented [him] from using the IRS system," and he needs accommodations such as large text.[23] He "verbally spoke with [the IRS] about this and was ignored."[24] Additionally, IRS agents have "lashed out" at him over the phone and yelled at him for no reason.[25] Mr. West alleges the IRS's failure to accommodate him violates the

---

[17] *Hall*, 935 F.2d at 1110.

[18] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[19] (*See* Am. Compl., Doc. No. 27 at 2.)

[20] (*Id.*)

[21] (*Id.*)

[22] (*Id.*)

[23] (*Id.*)

[24] (*Id.* at 2–3.)

[25] (*Id.* at 3.)

Americans With Disabilities Act[26] (ADA) and Section 504 of the Rehabilitation Act.[27]  Mr. West seeks $1.4 million in damages from the IRS: "$900,000 in negligence damages and reckless misconduct" and $500,000 for "unauthorized disclosure of information."[28]

The court liberally construes the amended complaint as attempting to assert claims of: (1) disability discrimination under the ADA, (2) disability discrimination under Section 504 of the Rehabilitation Act, (3) state tort claims (negligence and reckless misconduct), and (4) a claim of unauthorized disclosure under the Privacy Act.[29]  As explained below, each claim is subject to dismissal.  First, the IRS is entitled to sovereign immunity for Mr. West's claims under the ADA and Rehabilitation Act. Second, the IRS is an improper defendant for tort claims and Mr. West has not alleged he exhausted his administrative remedies (as required to bring tort claims against the United States).  Third, Mr. West fails to state a claim for relief under the Privacy Act.

A.  Sovereign Immunity Bars the ADA and Rehabilitation Act Claims

The United States and its agencies, including the IRS, enjoy sovereign immunity from suit absent an express waiver.[30]  "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived."[31]

---

[26] 42 U.S.C. §§ 12101–12213.

[27] 29 U.S.C. § 794; (Am. Compl., Doc. No. 27 at 2.)

[28] (Am. Compl., Doc. No. 27 at 4.)

[29] 5 U.S.C. § 552a.

[30] *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[31] *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010).

A plaintiff has the burden to identify a specific waiver of sovereign immunity applicable to his claims.[32]  But Mr. West has not identified any waiver of sovereign immunity applicable to his ADA or Rehabilitation Act claims.

The ADA forbids discrimination against persons with disabilities in three major areas of public life: employment (Title I); public services, programs, and activities (Title II); and public accommodations (Title III).[33]  But none of these provisions apply to the United States or its agencies.[34]  Accordingly, the ADA does not waive the IRS's sovereign immunity.

Section 504 of the Rehabilitation Act prohibits federal agencies and certain recipients of federal funding from discriminating against qualified individuals with disabilities.[35]  But according to the Supreme Court, Congress did not waive sovereign immunity against monetary damages for Section 504 claims against federal agencies.[36]

---

[32] *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

[33] *See Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004).

[34] *See* 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from the definition of "employer" for purposes of Title I); 42 U.S.C. § 12131(1) (excluding the federal government from the definition of "public entity" for purposes of Title II); *Atsepoyi v. Nat'l Visa Ctr.*, No. 24-cv-03611, 2025 U.S. Dist. LEXIS 275974, at *9 (D. Colo. Apr. 17, 2025) (unpublished) (collecting cases holding Title III of the ADA does not apply to the federal government).

[35] 29 U.S.C. § 794.

[36] *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("The clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages for violations of § 504 is lacking . . . ."); *see also Singletary v. Conroy*, No. 24-cv-00145, 2025 U.S. Dist. LEXIS 24725, at *21 (D. Colo. Feb. 11, 2025) (unpublished) (collecting

Because Mr. West seeks only monetary damages, the IRS is entitled to sovereign immunity as to this claim.[37]

B. Mr. West Does Not Allege He Exhausted His Administrative Remedies for Tort Claims, and the IRS Is an Improper Defendant

Mr. West's references to "negligence" and "reckless misconduct" implicate state tort causes of action. The Federal Tort Claims Act[38] (FTCA) is the exclusive remedy for a state law tort committed by a federal employee within the scope of employment.[39] The FTCA "constitutes a limited waiver of the federal government's sovereign immunity from private suit."[40] It allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when acting within the scope

---

cases applying *Lane* in finding federal agencies immune from claims for monetary damages under Section 504 of the Rehabilitation Act).

[37] *See Sanders v. Shinseki*, No. 11-4179, 2012 U.S. Dist. LEXIS 169415, at *10 (D. Kan. 2012) (unpublished) (dismissing a Section 504 claim against a federal agency for lack of subject matter jurisdiction because the plaintiff sought only monetary damages and not injunctive relief).

[38] 28 U.S.C. §§ 1346(b), 2671–2680.

[39] *See* 28 U.S.C. § 2679.

[40] *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).

of their duties.[41]  But the FTCA only permits tort claims against the United States, not federal agencies.[42]

Further, the FTCA requires exhaustion of administrative remedies before filing suit.  Specifically, it provides that a tort action "shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."[43]  "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed."[44]  "The requirements are jurisdictional and cannot be waived."[45]

Mr. West's tort claims against the IRS fail because the IRS is not a proper defendant under the FTCA, which provides the exclusive remedy for such claims.  And even if Mr. West had named the United States as the defendant, Mr. West has not alleged he exhausted his administrative remedies or pleaded facts showing he met this

---

[41] 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 (stating that the FTCA waives the United States' sovereign immunity from tort claims and makes it liable "in the same manner and to the same extent as a private individual under like circumstances.").

[42] *See* 28 USCS § 2679(a); *Smith*, 561 F.3d at 1099 ("The United States is the only proper defendant in an FTCA action." (citation omitted)); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1142 (10th Cir. 1999) (explaining "the FTCA remedy is exclusive" and a "federal agency cannot be sued in its own name" (internal quotation marks omitted)).

[43] 28 U.S.C. § 2675(a).  An agency's failure to "make final disposition of a claim within six months" is deemed a denial.  *Id.*

[44] *Estate of Trentadue*, 397 F.3d at 852 (citation omitted).

[45] *Id.* (citation omitted).

requirement.  In an attachment to his original complaint (dated October 30, 2025), Mr. West asserted the federal government shutdown prevented him from exhausting his administrative remedies.[46]  He stated he had called the IRS "all week" but it would not help; the IRS "set it aside but [would] not work on it until the government [was] opened."[47]  But this does not indicate Mr. West was prevented from submitting a written claim to the IRS; it merely suggests the IRS would not address the claim until the shutdown ended.  In a later filing, Mr. West alleged "[t]he office for the IRS to file a complaint is closed due to the shutdown."[48]  But even if Mr. West was unable to submit a claim to the IRS during the shutdown, he does not explain why he could not have submitted a claim before the forty-three-day shutdown—or waited until the shutdown ended before exhausting his administrative remedies and filing suit.[49]  Because Mr. West has not shown he exhausted his administrative remedies, the court lacks jurisdiction over his FTCA claim.

---

[46] (Ex. 1 to Compl., "Exhaustion of Remedies due to Government being shut down and statute of limitations is almost going to expire," Doc. No. 1-1.)

[47] (*Id.*)

[48] (*See* Doc. No. 6 at 2.)

[49] In the attachment to his original complaint, Mr. West stated the "statute of limitations [was] almost going to expire."  (Ex. 1 to Compl., Doc. No. 1-1.)  But he provides no additional information—he does not identify what claim this statement relates to or the purported filing deadline.

C. Mr. West Fails to State a Claim Under the Privacy Act

Mr. West also seeks $500,000 for "unauthorized disclosure of information."[50] While Mr. West does not identify the legal or factual basis for this claim, his allegation of unauthorized disclosure is liberally construed as an attempt to assert a Privacy Act claim. The Privacy Act bars federal agencies from disclosing records without written consent unless certain conditions are met.[51] And it provides civil remedies for violations, including monetary damages for certain "intentional or willful" violations.[52]

Mr. West fails to state a claim under the Privacy Act because his allegation of unauthorized disclosure is wholly conclusory. He does not identify who disclosed what information to whom in what context. Because Mr. West does not plead facts establishing any violation of the Privacy Act, he fails to state a claim under this statute.

\* \* \*

For all these reasons, Mr. West's amended complaint is subject to dismissal. However, before dismissing this action, the court will permit Mr. West to file a second amended complaint to remedy the deficiencies identified in this order. If Mr. West asserts tort claims under the FTCA, he should name the United States as a defendant, identify the factual basis for his claims, and address whether he has exhausted his administrative remedies. If Mr. West asserts a Privacy Act claim, he should identify the

---

[50] (Am. Compl., Doc. No. 27 at 4.)

[51] *See* 5 U.S.C. § 552a(b); *Christensen v. United States DOI*, 109 F. App'x 373, 375 (10th Cir. 2004) (unpublished).

[52] *See* 5 U.S.C. § 552a(g)(4)(A).

specific factual basis for this claim.  And if Mr. West reasserts a claim under Section 504 of the Rehabilitation Act, Mr. West should identify whether he is seeking relief other than monetary damages.

## CONCLUSION

1.    Mr. West may file a second amended complaint by **May 4, 2026**.  The words "Second Amended Complaint" should appear in the caption of the document.

2.    Mr. West is advised that a second amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the second amended complaint will be deemed abandoned.[53]

3.    Once filed, the court will screen the second amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[54]

---

[53] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect.  Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[54] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf [https://perma.cc/P5J9-A9YV].

4.     Other than a second amended complaint, the restriction on filing other documents set forth in the court's November 3, 2025 order[55] remains in place.

5.     Failure to file a second amended complaint may result in dismissal of this action.

DATED this 13th day of April, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[55] (Doc. No. 10.)