UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER HARRISON WEST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES; and UNITED STATES ATTORNEY GENERAL,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2) AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 1:25-cv-00169<br><br>Magistrate Judge Daphne A. Oberg |

Alexander West claims the Internal Revenue Service used unauthorized practices to collect taxes from him, resulting in improper penalties.[1] Worse still, the IRS did not accommodate his disabilities while collecting these taxes.[2] But the court lacks subject-matter jurisdiction over most of Mr. West's claims and he does not make a viable claim of unauthorized disclosure.

Because Mr. West filed this action without an attorney and without paying the filing fee, the court stayed the case for screening under 28 U.S.C. § 1915.[3] Before

---

[1] (Second Am. Compl. Finalized and Revised and Final Second Am. Compl. (Revised Second Am. Compl.) 3, Doc. No. 48.)

[2] (*See id.* at 2.)

[3] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.; Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 10.)

screening, Mr. West filed an amended complaint.[4] Upon screening the amended complaint, the court concluded Mr. West's claims were subject to dismissal, either for lack of subject-matter jurisdiction or failure to state a claim.[5] But the court let Mr. West file a second amended complaint to fix the identified problems.[6]

In his revised second amended complaint,[7] Mr. West brings claims against the United States and the United States Attorney General for discrimination, unauthorized disclosure, violations of state tort law, and violations of the Internal Revenue Code. Mr.

---

[4] ("Amended Lawsuit," Doc. No. 27.) This amended complaint filed on February 6, 2026, was permitted as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) (permitting a party to amend its pleading once as a matter of course no later than twenty-one days after serving it, or twenty-one days after service of a responsive pleading or motion). Mr. West submitted another document labeled as an amended complaint on March 31, 2026. (*See* Doc. No. 33.) This document was merely lodged on the docket because it was filed in violation of the screening order (Doc. No. 10) and without leave of the court. *See* Fed. R. Civ. 15(a)(2) (requiring the court's leave or the opposing party's written consent for subsequent amendments).

[5] (Mem. Decision & Order Permitting Second Am. Compl., Doc. No. 40.)

[6] (*Id.* at 11.)

[7] (Revised Second Am. Compl., Doc. No. 48.) After the court permitted amendment, Mr. West filed a second amended complaint virtually identical to the deficient first amended complaint. (Doc. No. 41.) Mr. West then filed a revised second amended complaint two days later, adding new allegations and making an effort to address the deficiencies the court identified in the first amended complaint. To give Mr. West the fullest opportunity to state his case, the court considers his revised second amended complaint.

West's motion to waive the filing fee[8] is granted, and these claims are dismissed without prejudice for lack of subject-matter jurisdiction and failure to state a claim.[9]

## LEGAL STANDARDS

When a court lets a party proceed without paying a filing fee, it must dismiss the case if the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[10] To decide this, the court uses the standard applied to motions to dismiss under Rule 12(b)(6).[11] To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[12] Courts accept well-pleaded factual allegations as true, viewing them and drawing reasonable inferences in the plaintiff's favor.[13] But courts do not accept plaintiffs' conclusory allegations as true.[14] "Threadbare recitals" are insufficient.[15] "[A] plaintiff must offer specific factual allegations to support each

---

[8] (Doc. No. 2.)

[9] Mr. West consents to proceed before a magistrate judge per 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and Rule 72-3 of the District of Utah's Local Civil Rules. (*See* Doc. Nos. 11 & 63.)

[10] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[11] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *see also* Fed. R. Civ. P. 12(b)(6).

[12] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[13] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

claim."[16] This court also has an independent duty to ensure it has subject-matter jurisdiction, "even in the absence of a challenge from any party."[17]

Because Mr. West is representing himself (proceeding without an attorney), his filings are liberally construed.[18] But he still must follow the procedural rules.[19] For instance, he must allege "sufficient facts on which a recognized legal claim could be based."[20] Simply put, courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[21]

## BACKGROUND

In his first amended complaint, Mr. West alleged the IRS did not accommodate his disability when he contacted it about his tax bills.[22] Due to his autism, Mr. West "need[s] help with understanding," but the IRS refused to provide "more explanation."[23] He spoke with the IRS about his problems using the IRS system and his need for

[16] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[17] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation omitted).

[18] *Hall*, 935 F.2d at 1110.

[19] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[20] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[21] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[22] (Amended Lawsuit, Doc. No. 27 at 2.)

[23] (*Id.*)

accommodations (such as large text) and "was ignored."[24] IRS agents "lashed out" at him over the phone, yelling at him for no reason.[25] Mr. West alleged the IRS's failure to accommodate him violates the Americans With Disabilities Act[26] (ADA) and Section 504 of the Rehabilitation Act.[27]

Upon screening, the court found Mr. West's amended complaint did not state a claim for relief. Specifically, sovereign immunity shielded the defendants from Mr. West's ADA and Section 504 claims, he did not exhaust his administrative remedies as required by the Federal Tort Claims Act[28] (FTCA), and he made only conclusory allegations in support of his Privacy Act claim.[29]

In his revised second amended complaint, Mr. West makes claims related to IRS past due payment penalties, interest, resulting levies and liens—and his interactions with the IRS on these issues.[30] Specifically, Mr. West alleges the IRS sent him a tax bill, for an undisclosed tax year, which accrued penalties and interest.[31] The IRS also

---

[24] (*Id.* at 2–3.)

[25] (*Id.* at 3.)

[26] 42 U.S.C. §§ 12101–12213.

[27] 29 U.S.C. § 794; (Amended Lawsuit, Doc. No. 27 at 3).

[28] 28 U.S.C. §§ 1346(b), 2671–2680.

[29] (Mem. Decision and Order Permitting Second Am. Compl. 5–10, Doc. No. 40.)

[30] (Revised Second Am. Compl., Doc. No. 48.)

[31] (*Id.* at 2.)

sent notices that it was instituting levies and liens against him.[32] Mr. West tried to use the IRS website and called the IRS several times.[33] In addition to addressing his tax bills, he sought accommodations for his autism, including "large text and certain things, [and] more time without paying penalties and other things that were asked [of him]."[34] According to Mr. West, the IRS ignored him and failed to accommodate his disabilities.[35] Although he submitted "numerous documents to them through fax and email," the IRS did not help him.[36] Instead, it discriminated against him because of his disability and made him cry.[37]

Mr. West also contends the IRS used "unauthorized collection" practices even though he "already paid the United States off."[38] In particular, the IRS "improperly [put] penalties on [his] tax account."[39] Mr. West does not expressly note whether he pursued administrative remedies. But he argues he should not "have to exhaust all remedies" because he has done his best, considering his disabilities.[40]

---

[32] (*Id.* at 5; *id.*, Doc. No. 48-1 at 2–3.)

[33] (*Id.*, Doc. No. 48 at 4 & 6.)

[34] (*Id.* at 4.)

[35] (*Id.* at 2.)

[36] (*Id.* at 7.)

[37] (*Id.*) Mr. West does not identify who he spoke with, when, or what was said.

[38] (*Id.* at 6.)

[39] (*Id.*, Doc. No. 48-1 at 2.)

[40] (*Id.*, Doc. No. 48 at 6.)

Mr. West relies on a variety of statutes, including the ADA, Section 504 of the Rehabilitation Act, and Internal Revenue Code §§ 6320, 6304, 6343, 6662, 7431, and 7433. He seeks $1.4 million in damages: "$900,000 in negligence damages and reckless misconduct" and $500,000 for "unauthorized disclosure of information."[41]

**ANALYSIS**

When liberally construed, Mr. West's revised second amended complaint can be read to contain claims of: (1) disability discrimination under the ADA, (2) disability discrimination under Section 504 of the Rehabilitation Act, (3) state tort claims (negligence and reckless misconduct), (4) unauthorized disclosure under the 26 U.S.C. § 7431 and the Privacy Act,[42] and (5) unauthorized collection practices under 26 U.S.C. § 7433.[43] He also requests judicial review of IRS levies and liens.[44] He brings these claims against the United States and United States Attorney General.[45] These claims are dismissed. The court lacks jurisdiction over most of Mr. West's claims, and Mr. West otherwise does not state viable claims for relief.

---

[41] (*Id.* at 5.)

[42] 5 U.S.C. § 552a.

[43] (*See* Revised Second Am. Compl., Doc. No. 48 at 2.)

[44] (*Id.* at 5; *Id.*, Doc. No. 48-1 at 3–4.)

[45] Mr. West initially sued the IRS and the United States Attorney General. (*See* Amended Lawsuit, Doc. No. 27). In the order permitting amendment, the court noted FTCA claims may only be brought against the United States, not a federal agency. (Mem. Decision and Order Permitting Second Am. Compl. 8, Doc. No. 40.) Mr. West now sues the United States and the United States Attorney General, based on his interactions with the IRS. But this change does overcome sovereign immunity, where the IRS's alleged actions are exempt under the FTCA (as explained in this order).

A. Sovereign Immunity Bars Mr. West's ADA, Rehabilitation Act, and Tort Claims

Sovereign immunity shields the United States and its agencies from suit absent an express waiver.[46] "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived."[47] Mr. West has not met his burden to identify a waiver of sovereign immunity applicable to his ADA, Rehabilitation Act, and tort claims against the United States.

*1. ADA and Rehabilitation Act*

The ADA forbids discrimination against people with disabilities in three major areas of public life: employment (Title I); public services, programs, and activities (Title II); and public accommodations (Title III).[48] But none of these provisions apply to the United States or its agencies.[49] Where the United States has not waived its sovereign

---

[46] *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

[47] *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010).

[48] *See Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004).

[49] *See* 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from the definition of "employer" for purposes of Title I); 42 U.S.C. § 12131(1) (excluding the federal government from the definition of "public entity" for purposes of Title II); *Atsepoyi v. Nat'l Visa Ctr.*, No. 24-cv-03611, 2025 U.S. Dist. LEXIS 275974, at *9 (D. Colo. Apr. 17, 2025) (unpublished) (collecting cases holding Title III of the ADA does not apply to the federal government).

immunity as to the ADA, Mr. West's ADA claim against the United States and the United States Attorney General fails.

Section 504 of the Rehabilitation Act does apply to federal agencies; it prohibits discrimination against qualified individuals with disabilities.[50] But Congress did not waive sovereign immunity for monetary damages for Section 504 claims against the federal government.[51] Because Mr. West seeks only monetary damages, the United States has sovereign immunity as to this claim.[52] The court explained this in the order permitting amendment, and invited Mr. West to request non-monetary relief.[53] But Mr. West chose not to. He only asks for monetary relief in his revised second amended complaint.

Because the United States, IRS, and the United States Attorney General have not waived sovereign immunity to claims under either the ADA or monetary claims under Section 504 of the Rehabilitation Act, the court lacks jurisdiction over Mr. West's claims under these statutes.

---

[50] *See* 29 U.S.C. § 794.

[51] *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("The clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages for violations of § 504 is lacking . . . ."); *see also Singletary v. Conroy*, No. 24-cv-00145, 2025 U.S. Dist. LEXIS 24725, at *21 (D. Colo. Feb. 11, 2025) (unpublished) (collecting cases applying *Lane* in finding federal agencies immune from claims for monetary damages under Section 504 of the Rehabilitation Act).

[52] *See Sanders v. Shinseki*, No. 11-4179, 2012 U.S. Dist. LEXIS 169415, at *10 (D. Kan. 2012) (unpublished) (dismissing a Section 504 claim against a federal agency for lack of subject-matter jurisdiction because the plaintiff sought only monetary damages).

[53] (Mem. Decision & Order Permitting Second Am. Compl. 6–7, 11, Doc. No. 40.)

2. *Tort Claims*

Mr. West's allegations of "negligence" and "intentional reckless misconduct" implicate state tort causes of action.[54] The FTCA provides the exclusive remedy for state law torts a federal employee commits.[55] It allows a plaintiff to sue the United States, but not federal agencies, for claims arising out of the negligent or wrongful acts or omissions of its employees, when acting within the scope of their duties.[56] The FTCA "constitutes a limited waiver of the federal government's sovereign immunity from private suit."[57] The problem for Mr. West is that actions by IRS employees to collect taxes "are specifically exempted from the class of suits that may be brought under the FTCA."[58]

---

[54] Mr. West also alleges the IRS was negligent in violation of 26 U.S.C. § 6662. (Revised Second Am. Compl., Doc. No. 48-1 at 2.) But this section addresses a taxpayer who is negligent, not the IRS. Still, this court will liberally construe Mr. West's negligence allegations and assume he meant to bring a state tort cause of action.

[55] *See* 28 U.S.C. § 2679.

[56] 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 (stating that the FTCA waives the United States' sovereign immunity from tort claims and makes it liable "in the same manner and to the same extent as a private individual under like circumstances"); 28 U.S.C. § 2679(a); *Smith*, 561 F.3d at 1099 ("The United States is the only proper defendant in an FTCA action." (citation omitted)); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1142 (10th Cir. 1999) (explaining "the FTCA remedy is exclusive" and a "federal agency cannot be sued in its own name" (internal quotation marks omitted)).

[57] *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).

[58] *Green v. United States*, 434 F. Supp. 2d 1116, 1127 (D. Utah 2006) (citations omitted); *see also* 28 U.S.C. § 2680(c).

Further, the FTCA requires a plaintiff to exhaust administrative remedies before filing suit.[59] In other words, before bringing a tort action, a claimant must have "first presented the claim to the appropriate Federal agency" and had the claim "finally denied by the agency in writing."[60] "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed."[61] "The requirements are jurisdictional and cannot be waived."[62]

Mr. West's bases his allegations of negligence and reckless misconduct on actions and communications by IRS employees in connection with his tax filings. For example, he claims the IRS did not allow him "to access their services and [disregarded his] requests."[63] And IRS agents were hostile and made him cry when he called about his bills.[64] But he does not allege any action outside the scope of IRS employees' duties. The FTCA does not apply where his tort claims relate to collection activities.[65] And even if it did apply, Mr. West did not allege, or plead facts showing, he exhausted

---

[59] 28 U.S.C. § 2675(a).

[60] *Id*. An agency's failure to "make final disposition of a claim within six months" is deemed a denial. *Id.*

[61] *Estate of Trentadue*, 397 F.3d at 852 (citation omitted).

[62] *Id.* (citation omitted).

[63] (Revised Second Am. Compl., Doc. No. 48 at 5.)

[64] (*Id.* at 7.)

[65] 28 U.S.C. § 2680(c).

his administrative remedies. Because of this, the court lacks jurisdiction over his FTCA claim.

B. Mr. West Fails to State a Claim for Unauthorized Disclosure

Mr. West also seeks $500,000 for "unauthorized disclosure of tax records."[66] He indicates he is suing for an "IRC 7431 violation," likely a reference to 26 U.S.C. § 7431.[67] And because Mr. West claims may implicate a cause of action under the Privacy Act,[68] his allegation of unauthorized disclosure is also liberally construed as an attempt to assert a Privacy Act claim. Mr. West fails to state a claim under either statute.

1. *26 U.S.C. § 7431*

Under § 7431, taxpayers can sue for damages if "any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103."[69] The confidentiality requirements in § 6103 are extensive. Relevant here, IRS employees can disclose "return information" for various tax administration purposes, such as issuing a notice of a levy.[70]

---

[66] (Revised Second Am. Compl., Doc. No. 48 at 5.)

[67] (*Id.* at 3.)

[68] 5 U.S.C. § 552a.

[69] 26 U.S.C. § 7431(a)(1).

[70] *See id.* § 6103(k)(6) (allowing disclosure for "collection activity"); *Lykens v. United States*, 527 F. Supp. 2d 18, 22 (D.D.C. 2007) (noting that levies are collection activity).

Mr. West's allegations of unauthorized disclosure are largely conclusory. He alleges the IRS communicated through letters to him and when he called the IRS.[71] But his allegations do not show an unauthorized disclosure. The letters seem to be notices warning him of an IRS levy.[72] But this type of communication is valid collection activity that does not violate § 6103.[73] And Mr. West does not provide facts showing his phone calls to the IRS involved an unauthorized disclosure. Mr. West does not provide any details on any other communications outside of these scenarios.

Mr. West also contends his account on the IRS website was "compromised," resulting in the disclosure of his tax return and other personal information.[74] Mr. West says he was "blocked" from accessing his online account.[75] But he otherwise does not explain how the compromise occurred, in what way the account was compromised, or how the compromise caused his information to be disclosed. Depending on the circumstances, a compromised online account might amount to an unauthorized

[71] (*See* Revised Second Am. Compl., Doc. No. 48 at 5.)

[72] (*Id.*, Doc. No. 48-1 at 2.)

[73] *See* 26 U.S.C. § 6103(k)(6) (authorizing an internal revenue officer to disclose return information "in connection with his official duties relating to any . . . collection activity"); *see also Carter v. United States*, 389 F. App'x 809, 813 (10th Cir. 2010) (unpublished) ("Section 6103(k)(6) contains one of many exceptions to confidentiality, and provides that return information may be disclosed in connection with collection activities." (citations omitted)); *Lykens*, 527 F. Supp. 2d at 22 (noting that "disclosing tax return information in an IRS notice of levy . . . is necessarily in connection with collection of Federal tax" (citation modified)).

[74] (*See* Revised Second Am. Compl., Doc. No. 48 at 6.)

[75] (*See id.* at 2, 4.)

disclosure under either § 7431 or the Privacy Act.[76] But setting aside conclusory allegations, Mr. West has not alleged the necessary elements of § 7431: (1) that the disclosure violated § 6103 and (2) that an IRS employees caused the disclosure knowingly or negligently.[77] In all, his allegations are insufficient to state a claim under this statute.

2. *The Privacy Act*

Mr. West does not state a claim under the Privacy Act for the same reason he does not state a claim under § 7431: his allegations are conclusory. In general, the Privacy Act "governs the government's collection and dissemination of information and maintenance of its records."[78] The Privacy Act bars federal agencies from disclosing records without written consent unless certain conditions are met.[79] It also requires agencies to safeguard records by ensuring "appropriate administrative, technical, and physical safeguards" are in place.[80] And it provides civil remedies for violations,

---

[76] *See, Welborn v. Internal Revenue Serv.*, 218 F. Supp. 3d 64, 83–85 (D.D.C. 2016) (assessing first, whether a data breach of a taxpayer's account violated § 7431, before determining it was, instead, a failure to safeguard); *see also* 5 USC § 552a(b) (Privacy Act).

[77] *Fostvedt v. United States*, 824 F. Supp. 978, 983 (D. Colo. 1993) ("[A] taxpayer must show by a preponderance of the evidence that: (1) the disclosure was unauthorized; (2) the disclosure was made knowingly or by reason of negligence; and (3) the disclosure violated section 6103." (citation omitted)).

[78] *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998).

[79] *See* 5 U.S.C. § 552a(b); *Christensen v. United States DOI*, 109 F. App'x 373, 375 (10th Cir. 2004) (unpublished).

[80] 5 U.S.C. § 552a(e)(10).

including monetary damages for certain “intentional or willful” violations.[81] But such damages must be specially pled and proven.[82]

Mr. West makes only conclusory allegations. He contends his online account was compromised.[83] But he provides too little detail to assess the IRS’s role or the sufficiency of its safeguards.[84] The phone calls and letters between the IRS and Mr. West fare no better. He does not identify who disclosed what information to whom in what context. As such, his allegations do not show an “intentional or willful” violation of the Privacy Act.[85] And he has not sufficiently alleged “proven pecuniary or economic harm,” warranting actual damages under the Privacy Act.[86] Because Mr. West does not plead facts establishing any violation of the Privacy Act, and he has not otherwise stated a viable claim for unauthorized disclosure, his claim must be dismissed.

---

[81] *See id.* § 552a(g)(4)(A).

[82] *Watson v. McDonough*, No. 6:22-CV-1275, 2023 U.S. Dist. LEXIS 118274, at *13 (D. Kan. July 10, 2023) (unpublished) (citing *F.A.A. v. Cooper*, 566 U.S. 284, 299 (2012)).

[83] (*See* Revised Second Am. Compl., Doc. No. 48 at 2, 4.)

[84] *See Welborn*, 218 F. Supp. 3d at 82 (finding plaintiffs did not allege sufficient damages for a Privacy Act claim for a data breach of an IRS system).

[85] 5 U.S.C. § 552a(g)(4)(A); *see also Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 424 (10th Cir. 1988).

[86] *Watson*, 2023 U.S. Dist. LEXIS 118274, at *13 (unpublished) (finding a plaintiff’s general claim against the VA for $5,000,000 insufficient to state a Privacy Act claim (citing *Cooper*, 566 U.S. at 299)).

C. Mr. West's § 7433 Claim Limits Him to Administrative Relief

Mr. West seeks damages under 26 U.S.C. § 7433 because the IRS failed to accommodate his disabilities, harassed him, collected from him after he made payments, and charged penalties.[87] Under § 7433, Mr. West may pursue civil damages for unauthorized collection activities, including harassment.[88] But he must first exhaust the administrative remedies available to him within the IRS system before seeking court relief.[89] Mr. West has not shown he exhausted his administrative remedies. To the contrary, he states he does not "think that [he] should have to exhaust all remedies."[90] Where Mr. West has not exhausted his administrative remedies, he cannot pursue damages.[91] And this court does not have jurisdiction to hear his § 7433 claim.

---

[87] (Revised Second Am. Compl., Doc. No. 48 at 3 & 6; *id.*, Doc. No. 48-1 at 1.)

[88] *See* 26 U.S.C. § 6304(b) ("The Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."); *see also id.* § 6304(c) (directing courts to apply § 7433 for civil actions in violation of this section).

[89] *See* 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.").

[90] (Revised Second Am. Compl., Doc No 48 at 6.)

[91] *See Carter*, 389 F. App'x at 811 (unpublished) (holding that exhausting administrative remedies is a limitation on § 7433 (citation omitted)); *United States v. Mattine*, No. 20-1190, 2021 U.S. Dist. LEXIS 212369, *8–9 (D.N.M. Nov. 3, 2021) (unpublished) (finding the court did not have jurisdiction to hear a § 7433 claim where the taxpayer failed to show he exhausted his administrative remedies).

D. The Court Does Not Have Jurisdiction to Review Mr. West's Levies or Liens

Citing various portions of the Internal Revenue Code, Mr. West seems to request judicial review of his IRS levies and liens.[92] But the review procedures for IRS decisions do not permit this. Under § 6320 and § 6330, a taxpayer may request a hearing "by the Internal Revenue Service Independent Office of Appeals,"[93] not the district court.[94] And "there is not a duplicate cause of action in a United States District Court under the [Administrative Procedures Act]."[95] Accordingly, this court lacks jurisdiction to review the levies and liens the IRS imposed on Mr. West.

E. Futility of Amendment

For these reasons, this action must be dismissed.[96] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an

---

[92] (*See* Revised Second Am. Compl., Doc. No. 48-1 at 2–3 (referring to §§ 6320, 6662, 6343 while discussing an IRS levy).)

[93] 26 U.S.C § 6320(b)(1) (lien); *id.* § 6330(b)(1) (levy); *see also id.* § 6320(b)(4) (requiring "[t]o the extent practicable, a hearing under this section shall be held in conjunction with a hearing under section 6330").

[94] *Yuen v. United States*, 290 F. Supp. 2d 1220, 1222 (D. Nev. 2003) ("[J]urisdiction over such a review lies with the United States Tax Court, not this Court.")

[95] *Robinette v. Comm'r of I.R.S.*, 439 F.3d 455, 460 n.4 (8th Cir. 2006); *see also Bennett-Bey v. Shulman*, 688 F. Supp. 2d 7, 11 (D.D.C. 2010) (holding the court did not have jurisdiction to review IRS actions taken pursuant to § 6330 and § 6320), aff'd, 404 F. App'x 509 (D.C. Cir. 2010) (unpublished).

[96] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

opportunity to amend."[97] The court previously identified the deficiencies described above and permitted Mr. West to amend his complaint,[98] but the revised second amended complaint fails to correct the deficiencies. Therefore, further opportunities to amend would be futile, and dismissal is necessary.

## CONCLUSION

Because Mr. West's revised second amended complaint fails to state a plausible claim for relief the court has jurisdiction over, and further opportunities to amend would be futile, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

DATED this 27th day of October, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[97] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[98] (*See* Mem. Decision and Order Permitting Second Am. Compl., Doc. No. 40.)